UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

RANDALL RATHBUN,

                Plaintiff,

v.                                          Case No. 21-1279-JWB

OFFICE DEPOT, LLC, et al.,

                Defendants.

## **NOTICE AND ORDER TO DEFENDANTS TO SHOW CAUSE**

To defendants:

    Defendants Office Depot, LLC; Office Depot Business Solutions, LLC; OfficeMax Incorporated; OfficeMax North America, Inc; and ODP Corporation removed this action from the District Court of Sedgwick County, Kansas, to our court, asserting this court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse. However, the notice of removal (ECF No. 1) fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

    To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where its incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs*

*Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).  The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  And, it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the notice of removal does not provide much relevant information about the citizenship of the five defendants.  However, when defendants' corporate disclosure statement (ECF No. 4) is considered in conjunction with the notice of removal, the court can determine that four of the defendants are diverse from plaintiff.  The outlying defendant is ODP Corporation.  Defendants allege ODP is "a citizen of Delaware with its principal place of business in the State of Florida." ECF No. 1.  Absent from the record, however, is ODP's state of incorporation.  Thus, as things currently stand, defendants have failed to demonstrate ODP's citizenship for diversity jurisdiction purposes.

**IT IS THEREFORE ORDERED** that by **December 9, 2021,** defendants shall show cause why this case should not be remanded for lack of jurisdiction.

Dated December 2, 2021, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge
